Dear Ms. Cheek:
You have requested an opinion of the Attorney General on behalf of the marshal of the City of Bogalusa on matters concerning venue and fees for service of process on defendants in actions filed in a justice of the peace court in another parish. Your request has been assigned to me for research and reply.
The marshal of the City of Bogalusa serves the city court of Bogalusa, which is located within Ward Four of Washington Parish. In La. Atty. Gen. Op. No. 08-0298, this office opined that the Bogalusa City Marshal may not charge court fees in excess of the amounts outlined in La.R.S. 33:1704.4, which is a specific fee schedule for the Bogalusa City Marshal. You have asked our office to readdress this issue and determine if, based on La.R.S. 13:1883(D), the Bogalusa City Marshal is entitled to charge a higher fee to execute service of pleadings filed within a justice of the peace court located outside of Washington Parish.
According to La.R.S. 13:1883(B), the Bogalusa City Marshal receives a minimum annual salary.[1] In addition to the minimum annual salary, La.R.S. 13:1883(D) states that the Bogalusa City Marshal "shall . . . receive the same fees as are payable to constables of justice of the peace courts."[2] You assert that based on the language in *Page 2 
La.R.S. 13:1883(D), the Bogalusa City Marshal, when making service for a justice of the peace court, should receive the same fees constables of justice of the peace court receive under La.R.S. 13:2590(B).[3] For the reasons set forth below, the opinion of this office continues to be that La.R.S. 33:1704.4 provides the exclusive fee schedule applicable to the Bogalusa City Marshal for service of civil pleadings.
La.R.S. 13:1883(D) was enacted by Act 32 of the 1960 Regular Session of the Louisiana Legislature. At the time the provision was enacted, La.R.S. 33:1704 set forth the applicable fee schedule for constables of justice of the peace courts and constables and marshals of city courts. In 1995, the Louisiana Legislature amended and reenacted La.R.S. 13:2590 to provide for a fee schedule specifically for constables of justice of the peace courts, thereby removing constables of justice of the peace courts from using the fee schedule provided in La.R.S. 33:1704.[4]
La.R.S. 33:1704 remained the applicable general fee schedule for constables and marshals not part of a justice of the peace court.[5] Accordingly, it is the opinion of this office that La.R.S. 33:1704 et seq., and not La.R.S. 13:2590(B), set forth the applicable fee schedules relevant to the marshals of the city courts enumerated in La.R.S. 13:1883(D), which includes the Bogalusa City Marshal.[6]
In reaching our determination herein, we were guided by the following rules of statutory construction: When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature.[7] When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.[8] The meaning and intent of a law is determined by considering the law in it's entirety and all other laws on the same subject matter, and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it.[9] *Page 3 
Furthermore, in 1997 the Louisiana Legislature enacted a special provision, La.R.S. 33:1704.4, which provides the fees the Bogalusa City Marshal shall receive in civil matters. La.R.S. 33:1704.4 states in pertinent part as follows:
Notwithstanding the provisions of La.R.S. 33:1704, the marshal of the city of Bogalusa shall be entitled to the following fees of office and no more in civil matters:
(1) For making service or attempted service and return of citation with or without petition on each defendant, not to exceed eighteen dollars.
La.R.S. 33:1704.4 is a special law pertaining to the amount of fees the Bogalusa City Marshal shall receive in civil matters, whereas La.R.S. 33:1704 provides the general provision of fees a marshal is entitled to receive in civil matters. Under general rules of statutory construction, the latest expression of the legislative will is considered controlling and prior enactments in conflict are considered as tacitly repealed in the absence of an express repealing clause.[10] Where there is a conflict between two statutes, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.[11]
As special law, La.R.S. 33:1704.4 is controlling over the general provisions listed in La.R.S. 33:1704. Note that the first sentence of La.R.S. 33:1704.4(A) states "[n]ot withstanding any other provision of R.S. 33:1704 . . ." Thus, we are of the opinion that the Bogalusa City Marshal shall receive only the fees listed in La.R.S. 33:1704.4 in all instances where it conflicts with the general statute, e.g., an amount not to exceed eighteen dollars for making service in civil matters. However, this fee can be increased with an amendment to the statute.
Next, you ask if a justice of the peace can require the Bogalusa City Marshal to serve papers issued from a justice of the peace court when the defendant to be served resides outside of the justice of the peace's parish.[12] For this question we direct your attention to La.R.S. 13:3471(2) which provides as follows:
In an action or proceeding brought in a parish other than that of the domicile of a defendant, citation and all other legal process may be served on this defendant in the parish where the action or proceeding was brought, if the defendant can be served therein. Otherwise, the process may be sent by the clerk of the court from which it issued to any parish *Page 4 
where the defendant may be found, and service may be made by the sheriff or a constable of the latter parish.
For district court, the clerk of court issues all citations, writs, mandates, summons, subpoenas, and other process of the court.[13] When service is required by the sheriff, the clerk delivers the papers to the sheriff who is to make the service.[14]
For justice of the peace court, the justice of the peace issues all citations, writs, mandates, summons, subpoenas, and other process of the court and delivers them to the constable to make service.[15]
Based on the above statutory language, it is the opinion of this office that when the defendant resides outside of the justice of the peace's parish, the justice of the peace, acting as clerk, may contact the sheriff or constable who has jurisdiction over the defendant and request the officer to effectuate service.
However, La.R.S. 13:3471(2) uses the word "may" thereby speaking in permissive, not mandatory, terms.[16] Therefore, while La.R.S. 13:3471(2) allows the authorized officer who has jurisdiction over a defendant who resides outside of the parish of the justice of the peace court to effectuate service, it does not impose a duty to do so. As a result, if the authorized officer who has jurisdiction over the defendant declines to effectuate service, then a private process server must be utilized.
The Bogalusa City Marshal is given the same power and authority as constables.[17] As such, it is the opinion of this office that the Bogalusa City Marshal falls within the term "constable" as used within La.R.S. 13:3471(2). Based on the foregoing, it is the opinion of this office that the Bogalusa City Marshal may, but is not required to, serve papers issued from a justice of the peace court on a defendant who is domiciled within the territorial jurisdiction of the City of Bogalusa. To the extent that 08-0298 opines differently, this office recalls that opinion. If the Bogalusa City Marshal decides to serve justice of the peace court processes, he is only entitled to receive an amount of eighteen dollars per service as specified in La.R.S. 33:1704.4. Other than the aforementioned statutes, the law does not provide any other salary or compensation for the marshal for such service.
Your third question asks whether a justice of the peace has the authority to accept suits filed against defendants domiciled in a parish outside of its territorial jurisdiction. Suits filed in justice of the peace courts are subject to the same general venue rules *Page 5 
governing jurisdiction over the person as that applicable to the district courts.[18] La.C.C.P. art. 4916 states as follows:
The rules of venue provided in Articles 41 through 45, 71, 73, 74, 75, 76, 77, 78 and 79 apply to suits brought in justice of the peace court, except where these articles use the word "parish" it shall be construed to mean the territorial jurisdiction of the justice of the peace court.
La.C.C.P. arts. 41 through 45 provide the general venue rules for courts. The exceptions to the general rules are found in La.C.C.P. art. 71 et seq. Yet, not all of the exceptions apply to a justice of the peace court. Note that La.C.C.P. art. 76.1, regarding special venue for an action on a contract is not listed in the exceptions that apply to justice of the peace courts.[19] La.C.C.P. art. 76.1 states "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." Accordingly, the general rules of venue found in La.C.C.P. arts. 41 through 45 would apply for an action on a contract, and as such, the action must be brought in the ward or district where the defendant lives (if an individual defendant).
It is the plaintiffs choice as to where to file a suit. If the defendant objects to the venue of the suit, he must raise the declinatory exception of improper venue in accordance with La.C.C.P. art. 925. However, if the defendant appears in court and fails to raise this exception, he waives his objection and the court may hear the matter, even if it would have otherwise been improper venue. For that reason, it is the opinion of this office that a justice of the peace has authority to accept suits filed against defendants domiciled in a parish outside of its territorial jurisdiction.
Your final question addresses whether a conflict of interest exists when a justice of the peace and constable elected to the same ward are related, either by blood or marriage. As to the position of constable, your final question implicates the Code of Ethics. We suggest you contact the Louisiana State Board of Ethics for an opinion addressing the application of the Code of Governmental Ethics to a constable in such a situation. The address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821; phone 225-219-5600.
However, the Code of Governmental Ethics does not have jurisdiction over justices of the peace. The Code of Judicial Conduct is binding on all judges, including justices of the peace.See In re Adams, 2007-426 (La. 6/29/07), 959 So.2d 474. The Code of Judicial Conduct is within the authority of the Judiciary Commission. For this reason, we suggest that you contact Dr. Hugh M. Collins, Chief Executive Officer, Judiciary Commission, 400 Royal Street, Suite 1190, New Orleans, LA 70130-8101; phone 504-310-2550. *Page 6 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Erin C. Day Assistant Attorney General
JDC: ECD
[1] La.R.S. 13:1883(B) provides in pertinent part, "[t]he marshals of the following city courts shall receive an annual salary, payable monthly on their own warrants, which shall be fixed and paid by the respective governing authorities of the city and parish where the court is located or either of them, in the proportions they may determine: Bastrop, Bogalusa, Bunkie, Crowley."
[2] Id.
[3] La.R.S. 13:2590(B) provides that fifty percent of the fees and deposits received by the justice of the peace shall be used for fees and operational expenses of the ward constable's office.
[4] Acts 1995, No. 1237, § 1.
[5] Id.
[6] La.R.S. 33:1704 provides in pertinent part as follows:
A. Constables and marshals, except in Orleans Parish and as provided by R.S. 33:1704.1, shall be entitled to the following fees of office, and no more, in civil matters:
(1) For making service or attempted service and return of citation with or without petition on each defendant, ten dollars.
[7] La.C.C. art. 9; Pumphrey v. City of New Orleans, 05-979 (La.4/4/06), 925 So.2d 1202, 1209.
[8] La.C.C. art. 10; Pumphrey, 925 So.2d at 1209;SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La.6/29/01), 808 So.2d 294, 302.
[9] Pumphrey, 925 So.2d at 1210; SWAT24,808 So.2d at 302.
[10] La.C.C. art. 8; See Pumphrey,925 So.2d 1202, 1210.
[11] Pumphrey at 1210.
[12] A constable of the justice of the peace court is authorized to effectuate service of process within the parish of that court for any case before that court. La.R.S. 13:2586(F).
[13] La.C.C.P. art. 252
[14] Id.
[15] La.C.C.P. art. 4919.
[16] La.R.S. 1:3.
[17] Sheridan v. Washington Parish Police Jury,67 So.2d 110 (La. App. 1 Cir. 1953).
[18] La.C.C.P. arts. 4915 and 4916.
[19] La.C.C.P. art. 4916.